IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-153-D
No. 7:12-CV-32-D

| | |
|---|---|
| YUNIOR ALBARRAN-TORRES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On February 16, 2012, petitioner Yunior Albarran-Torres ("Albarran-Torres" or "petitioner") filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 39]. On May 25, 2012, the government moved to dismiss or, alternately, for summary judgment [D.E. 42–43]. On June 11, 2012, Albarran-Torres responded [D.E. 45]. On September 17, 2012, Albarran-Torres also moved for a reduction of his sentence on his crack cocaine offense [D.E. 48]. On January 14, 2013, petitioner moved for the appointment of counsel to his case [D.E. 50]. As discussed below, the court grants the government's motion for summary judgment and denies Albarran-Torres's motion for appointment of counsel.

On May 16, 2011, Albarran-Torres pleaded guilty, without a plea agreement, to (1) possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g) and 924, (2) possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and (3) possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) [D.E. 1, 21]. On September 21, 2011, petitioner received a sentence of 57 months' custody on count one, 60 concurrent months' custody on count two, and 60 months' custody

on count three to run consecutively to the other two sentences [D.E. 31–32]. In his motion to vacate his sentence, Albarran-Torres alleges ineffective assistance of counsel arising from his attorney's failure to appeal his sentence despite his request to do so. [D.E. 39] 4.

The government filed its motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively sought summary judgment under Rule 56. See [D.E. 42]1; D.E. 43-1]. The clerk notified Albarran-Torres about the motion, cited Rule 56, and enclosed a copy for his review. See [D.E. 44] 1–2; Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam). Albarran-Torres responded in opposition and included evidentiary exhibits. See [D.E. 45]. Accordingly, the parties are on notice of the court's ability to convert the motion to dismiss to a motion for summary judgment. See, e.g., Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998); Sager v. Hous. Comm'n of Anne Arundel Cnty., 855 F. Supp. 2d 524, 542 (D. Md. 2012); Harlow v. Stansberry, No. 2:08-CV558, 2009 WL 2496528, at * 2 (E.D. Va. Aug. 14, 2009) (unpublished).

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

In his section 2255 motion, Albarran-Torres claims ineffective assistance of counsel. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (per curiam) (quotations omitted). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Albarran-Torres must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

The Sixth Amendment "requires counsel to consult with the defendant concerning whether to appeal when counsel has reason to believe 'either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with

3

petitioner about an appeal, the attorney 'performs in a professional unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id.

Counsel's affidavit expressly refutes petitioner's allegation that counsel failed to follow his directive to file a notice of appeal. In the affidavit, counsel states:

> I met with Mr. Albarran-Torres at the U.S. Marshal's office in Raleigh, NC, following his sentencing hearing on September 21, 2011. At this meeting, Mr. Albarran-Torres informed me he did not wish to appeal. . . . I explained that because he received the minimum mandatory sentence, I did not believe there were any issues that would be likely to lead to a favorable result if he chose to appeal. However, I assured him that it was no problem to file an appeal if he would like to do so and that it was completely his decision. He stated he did not wish to appeal.

[D.E. 43-1] ¶ 4. Counsel attached to her affidavit a copy of the cover sheet of petitioner's case file. Id. 3. The file notes "close case – no appeal." Id. The court is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." See 28 U.S.C. § 2255; United States v. White, 366 F.3d 291, 296–97 (4th Cir. 2004); Witherspoon, 231 F.3d at 925–26. Based on counsel's affidavit and the notes on her case file, counsel did in fact consult with Albarran-Torres concerning his appellate rights and Albarran-Torres chose not to appeal. Moreover, the affidavits from Albarran-Torres's family members [45-1, 45-2] do not alter this outcome. Albarran-Torres's family members were not present at his meeting with counsel on September 21, 2011, and do not have firsthand knowledge of what occurred in that meeting. See [D.E. 43-1] (stating that conversation between Albarran-Torres and counsel took place in U.S. Marshal's office). Thus, the family members' affidavits provide no assistance to Albarran-Torres. See Walker v. Tyler Cnty. Comm'n, 11 F. App'x 270, 274 (4th Cir. 2001) (per curiam) (unpublished); Causey v. Balog, 162 F.3d 795, 803 n.4 (4th Cir. 1998).

In his response to the government's motion, Albarran-Torres acknowledges that he raises for the first time and without leave of court a number of other alleged grounds of ineffective assistance

4

of counsel, including counsel's providing misleading pre-plea advice (including promising a five-year sentence and not disclosing immigration consequences), failing to properly discuss his Presentence Report ("PSR"), failing to offer "the proper mitigating evidence at sentencing," and failing to ensure that his sentence was procedurally and substantively reasonable. [D.E. 45] 3, 5–6. Albarran-Torres alleges that his guilty plea was thus involuntary. Id. 4–5.

Albarran-Torres has not requested leave to amend his section 2255 motion, and he cannot amend his section 2255 motion via his response brief. See Snyder v. United States, 263 F. App'x 778, 779–80 (11th Cir. 2008) (per curiam) (unpublished); Hexion Specialty Chems., Inc. v. Oak-Bark Corp., No. 7:09-CV-105-D, 2011 WL 4527382, at *7 (E.D.N.C. Sept. 28, 2011) (unpublished); Equity in Athletics, Inc. v. Dep't of Educ., 504 F. Supp. 2d 88, 111 (W.D. Va. 2007). Thus, the court need not consider these arguments.

Alternatively, even if the court were to consider these arguments, the arguments fail. At Albarran-Torres's arraignment, in accordance with Federal Rule of Criminal Procedure 11, the court advised Albarran-Torres of the maximum potential penalties associated with his convictions, the consequences of pleading guilty, and that the court would determine Albarran-Torres's sentence. See [D.E. 51] 17–21. The court's Rule 11 colloquy cured the potential prejudice of any alleged misinformation from counsel. See United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995); United States v. Craig, 985 F.2d 175, 179–80 (4th Cir. 1993) (per curiam); United States v. Lambey, 974 F.2d 1389, 1393–95 (4th Cir. 1992) (en banc). Furthermore, Albarran-Torres testified at his sentencing that he had received a copy of his PSR and discussed his PSR with counsel. [D.E. 52] 5. To the extent that Albarran-Torres objects to the manner in which his counsel raised and presented mitigating evidence at sentencing, these were tactical decisions that are "virtually unchallengeable" in a claim for ineffective assistance. Powell v. Kelly, 562 F.3d 656, 670 (4th Cir.

5

2009) (quotation omitted). Finally, Albarran-Torres received the minimum possible sentence. Compare [D.E. 31, 32], with 18 U.S.C. § 924(c) and 21 U.S.C. § 841(b)(1)(b). Thus, Albarran-Torres has failed to demonstrate prejudice arising from any alleged ineffective assistance of counsel. See Strickland, 466 U.S. at 687.

As for Albarran-Torres's motion to appoint counsel, Albarran-Torres is not entitled to counsel in this section 2255 action. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Moreover, Albarran-Torres has failed to show that the "interests of justice" require that he be appointed counsel. See 18 U.S.C. § 3006A(a)(2); United States v. Riley, 21 F. App'x 139, 141 (4th Cir. 2001) (per curiam) (unpublished). Thus, the court denies petitioner's motion to appoint counsel.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Albarran-Torres's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. See 28 U.S.C. § 2253(c). Thus, the court denies a certificate of appealability.

In sum, the court DENIES petitioner's section 2255 motion to vacate his sentence [D.E. 39] and GRANTS the government's motion for summary judgment [D.E. 42]. The court DENIES petitioner's motion to appoint counsel [D.E. 50]. The government shall respond to petitioner's motion for reduction of the sentence on his crack cocaine offense [D.E. 48] no later than July 5, 2013.

SO ORDERED. This 6 day of June 2013.

JAMES C. DEVER III
Chief United States District Judge