IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-153-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| YUNIOR ALBARRAN-TORRES, | ) | |
| | ) | |
| Defendant. | ) | |

On May 16, 2011, Yunior Albarran-Torres ("Albarran-Torres") pleaded guilty to possession of a firearm by an illegal alien in violation of 18 U.S.C. §§ 922 (g)(5) and 924 (count one), possession with intent to distribute more than five grams of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) (count two), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (count three). See [D.E. 21]; Arraignment Tr. [D.E. 51] 21–23. On September 21, 2011, the court held Albarran-Torres's sentencing hearing. See [D.E. 31]; Sentencing Tr. [D.E. 52]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 26]. See Sentencing Tr. at 4–5; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Albarran-Torres's total offense level to be 23, his criminal history category to be I, and his advisory guideline range to be 46 to 57 months' imprisonment on count one, 60 months' imprisonment on count 2, and 60 months' imprisonment on count 3, consecutive. See Sentencing Tr. at 6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Albarran-Torres to 57 months' imprisonment on count one, 60 months' imprisonment on count 2 (to run concurrent with count 1), and 60 months' imprisonment on count 3 (to run consecutive with counts 1 and 2). See id. at 10–14.

On September 17, 2012, Albarran-Torres moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 750 and 759 to the Sentencing Guidelines [D.E. 48]. On November 25, 2013, this court denied relief [D.E. 66]. On February 24, 2015, Albarran-Torres moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), 28 U.S.C. § 994(g), and Amendment 782 to the Sentencing Guidelines [D.E. 77]. On July 9, 2015, this court denied relief [D.E. 81].

On June 9, 2016, Albarran-Torres filed a motion under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 83]. On June 14, 2016, Albarran-Torres supplemented his motion and requested appointment of counsel for a possible claim under Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 84, 86]. On June 12, 2016, Albarran-Torres sought leave to amend his June 2016 motion to add a Johnson claim. See [D.E. 89].

This court lacks discretion to reduce Albarran-Torres's sentence on count two or count three. See [D.E. 81]. Alternatively, assuming without deciding that the court has discretion to reduce Albarran-Torres's sentence on counts two and three, it declines to reduce his sentence.[1] The court finds that Albarran-Torres engaged in serious criminal behavior involving illegal drugs and firearms and received the sentence that was sufficient but not greater than necessary on counts one, two, and three. See Presentence Investigation Report ("PSR") ¶¶ 6–7; Sentencing Tr. at 10–14. As for Albarran-Torres's Johnson claim, Johnson does not apply to Albarran-Torres's conviction or

---

[1] See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010).

2

sentence. See Johnson, 135 S. Ct. at 2556–63; cf. PSR ¶¶ 26–41.

Having reviewed the entire record and all relevant policy statements, the court finds that Albarran-Torres received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Albarran-Torres's sentence would threaten public safety in light of his serious criminal conduct. Cf. U.S.S.G. § 1B1.10 cmt. n.1(B)(ii). Thus, the court denies Albarran-Torres's motion for reduction of sentence. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Albarran-Torres's motions for reduction of sentence [D.E. 83, 89], DENIES his motions to appoint counsel [D.E. 84, 86], and DENIES his motion to amend [D.E. 89].

SO ORDERED. This 24 day of May 2017.

                                               JAMES C. DEVER III
                                               Chief United States District Judge